1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Court Pleading

MICHAEL K. JEANES
Clerk of the Superior Court
By Wendy Powley, Deputy
Date 10/12/2010 Time 17:10:03
Description                    Amount
-------- CASE# CV2010-054352 --------
CIVIL NEW COMPLAINT            301.00
-------------------------------------
TOTAL AMOUNT                   301.00
          Receipt# 20893655

1  Michelle R. Matheson #019568
   MATHESON & MATHESON, P.L.C.
2  14358 N. Frank Lloyd Wright Blvd.
   Suite 11
3  Scottsdale, Arizona 85260
   (480) 889-8951
4  mmatheson@mathesonlegal.com
   Attorney for Plaintiff

SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

ROBERT BRENNER, an unmarried man,  ) Case No.: CV2010-054352
                                   )
           Plaintiff,              )
                                   )
   v.                              ) **COMPLAINT**
                                   ) **(Jury Trial Requested)**
FISHER SAND & GRAVEL CO.,          )
                                   )
           Defendant.              )
_____)

Plaintiff, in support of his Complaint for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") alleges as follows:

1.  Plaintiff Robert Brenner ("Brenner") is currently and at all times relevant to this action a resident of Maricopa County, Arizona. Within the two year period prior to the last date of employment on March 1, 2010 (the "Claim Period") Brenner was employed as a full-time lube technician employee for Defendant. At all times relevant to this action, Brenner was a covered "employee" and Defendant was Plaintiff's "employer" as those terms are defined by the FLSA. A copy of Plaintiff's written consent to proceed as Plaintiff in this action is attached to this Complaint as Exhibit 1.

-1-

LA102710166

2. Defendant is a corporation located in Maricopa County and registered to do business in the State of Arizona. At all times during the Claim Period Defendant was a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

3. This Court has jurisdiction and venue over the subject matter and the parties hereto pursuant to A.R.S. §12-123 and 12-401.

4. On multiple times during his employment for Defendant, Plaintiff worked in excess of 40 hours per week.

5. Plaintiff was paid a base salary for his services, but was not appropriately compensated in full for time worked in excess of 40 hours per week in violation of the FLSA.

6. Defendant knew that it was subject to the requirements of the FLSA.

7. Defendant knew or should have known that the duties performed by Plaintiff were non-exempt duties under the FLSA.

8. Defendant nonetheless classified Plaintiff as "exempt" in an effort to avoid additional overtime compensation due to him under the FLSA.

### COUNT ONE

**(Failure to Properly Pay Overtime Wages in Violation of the FLSA)**

9. Plaintiff incorporates by reference the allegations above.

10. During the Claim Period, Plaintiff was a nonexempt employee under the FLSA.

-3-

11. During the Claim Period Defendant failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiff often worked in excess of 40 hours per week, but was not paid for those excess hours at the compensation rate required by the FLSA.

12. Defendant did not act in good faith in failing to pay appropriate overtime compensation due. In fact, Defendant employed at least two other employees who performed job duties similar to Plaintiff, and these employees were treated as non-exempt under the FLSA and received overtime compensation for hours worked in excess of 40 in a work week.

13. Plaintiff has suffered economic damages as a result of Defendant's unlawful compensation practice and is entitled to statutory remedies provided pursuant to the FLSA, including but not limited to, unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests:

A. For the Court to declare and find that the Defendant violated the overtime provisions of the FLSA; and

B. For the Court to award damages, including liquidated damages pursuant to 29 U.S.C. § 216(b);

C. For the Court to award Plaintiff his reasonable attorneys' fees and costs;

D.   For the Court to award pre-judgment interest on all compensation due, accruing from the date such amounts were due, and post-judgment interest; and

E.   For the Court to award such other monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

Dated this 12th day of October, 2010.

_____
Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
Attorney for Plaintiff

ORIGINAL of the foregoing filed this 12th day of October, 2010, with Clerk of the Court

-4-

# EXHIBIT 1

10/11/2010 06:16 6410863 RECEIVED 10/12/2010 07:27 PAGE 01

Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 1
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiff

### SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

| | |
|---|---|
| ROBERT BRENNER, an unmarried man, | Case No.: |
| Plaintiff, | |
| v. | CONSENT TO BECOME A PARTY PLAINTIFF |
| FISHER SAND & GRAVEL CO., | |
| Defendant. | |

Comes now, Robert Brenner, pursuant to 29 U.S.C. §216(b) and files this consent to become a party plaintiff in the above-styled lawsuit.

hereby consent to be a party plaintiff in this lawsuit and specifically authorize counsel of record to represent me in the above referenced action.

_____
ROBERT BRENNER

10-12-10
Date

-1-