# EXHIBIT A

# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

A.    PARTIES.

This Confidential Settlement Agreement Release (hereinafter "Agreement") is entered into by and between the following parties: ROBERT BRENNER (hereinafter "Claimant") and FISHER SAND & GRAVEL CO. (hereinafter "Employer").

B.    DISPUTE

      1.    Claimant's claims against Employer arise from his employment with Employer and termination of that employment, including claims for damages made by Claimant asserting wage claims, harassment, discrimination and/or retaliation.

      2.    Claimant asserted one or more of these claims in an action entitled <u>Robert Brenner v. Fisher Sand & Gravel Co.</u>, Arizona District Court No. CV10-2405-PHX-JAT (the "Lawsuit").

      3.    Claimant agrees that this Agreement includes settlement of all and any disputes, claims and/or allegations arising out of or in any way connected with Claimant's employment, whether or not they are included in the Lawsuit.

      4.    Consent to settlement of these claims is not an admission of liability.

C.    TERMS OF SETTLEMENT

      1.    <u>Employer's Promise.</u> ,Within three (3) business days after the receipt of the court's order approving settlement or within three (3) business days following the Effective Date of this Agreement (as defined in "Notice to Claimant" below), whichever is later, Employer will mail the following checks to Michelle R. Matheson, Matheson & Matheson, P.L.C., 14358 N. Frank Lloyd Wright Blvd., Suite 11, Scottsdale, AZ 85260:

            a)    A check in the amount of THIRTEEN THOUSAND and NO/100 DOLLARS ($13,000.00) payable to Matheson & Matheson, P.L.C.;

            b)    A check in the amount of ELEVEN THOUSAND and NO/100 DOLLARS ($11,000.00) payable to "Robert Brenner," which amount represents back wages (applicable taxes will be withheld);

            c)    A check in the amount of ELEVEN THOUSAND and NO/100 DOLLARS ($11,000.00) payable to "Robert Brenner" which represents liquidated damages.

            d)    None of the Settlement Funds are to compensate Claimant for physical injury. Employer will include the wages in the W-2 tax form Employer will issue for calendar year 2011, and other amounts will be reflected in 1099s.

2.  <u>Claimant's Promises.</u>  In return for the Settlement Funds, Claimant agrees as follows.

a)  <u>Release.</u>  Claimant releases and forever discharges Released Parties from any and all liabilities arising out of his relationship and cessation of that relationship which claims are now existing, whether presently known or unknown.  This release includes, but is not limited to, any claims arising under federal, state, or local law, statute or regulation or common law, including

- any claims of employment discrimination, harassment, and/or retaliation, including all claims under state or federal civil rights laws, including Section 1983, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, and the Fair Labor Standards Act,
- any claims of employment discrimination, harassment and/or retaliation under the Age Discrimination in Employment Act of 1967, (29 U.S.C. § 626, as amended),
- any claim for contractual obligations,
- any claim for wrongful discharge,
- any claim for whistleblower retaliation,
- any claims arising out of any alleged legal restrictions on Employer's right to terminate its employees,
- claims for payment of wages (including alleged overtime) and other compensation,
- claims for damages, emotional pain and harm, and
- claims for recovery of attorneys' fees and costs.

"Released Parties" as used herein refers not only to Employer, but also to its present, future and former owners, directors, employees, agents, officers, partners, affiliates, insurers, successors, representatives, attorneys, and all other persons, firms, corporations, associations, partnerships, or entities having any legal relationship to each other.

b)  <u>Confidentiality</u>.

(1)  Except as set forth in this paragraph, Claimant (personally, through his spouse, respective attorneys, or managing agents, or through anyone else acting on his behalf) will not disclose or publicize the fact of this Agreement or the settlement amount or any other terms or conditions of this Agreement.  If and to the extent any governmental entity or court, acting under color of law, requires Claimant, his attorneys or others acting on his behalf, to disclose to it the terms and conditions of this Agreement, said party may disclose the required information provided that the governmental entity or court will be advised that this Agreement is confidential.  Nothing in this paragraph prevents Claimant from making such disclosures now or in the future to his spouse, tax preparers, or attorneys provided that such persons are advised that this Agreement is confidential and agree to maintain such confidentiality.

(2) The parties acknowledge and understand that this provision is very important to Employer, and that it would not enter into this Agreement without Claimant's promise of confidentiality contained herein. In the event Claimant violates the foregoing paragraph, Employer may obtain an injunction from a court of competent jurisdiction preventing further utterances. In addition, Employer may recover damages attributable to the utterance(s).

    c) <u>Non-Disparagement</u>.

(1) Claimant (personally, through his spouse, respective attorneys or managing agents, or through anyone else acting on his behalf) will permanently refrain from uttering disparaging words of any kind or type about Released Parties, or any of them. Utterances includes written as well as verbal words, includes all types of media (including electronic forms such as text messages, blogs, emails, and websites), and includes all types of communications. This provision would not prevent Claimant from responding truthfully to official inquiries from a governmental agency or inquiries required by subpoena from a duly-authorized court with jurisdiction.

(2) The parties acknowledge and understand that this provision is very important to Employer, and that it would not enter into this Agreement without Claimant's promise of non-disparagement contained herein. In the event Claimant violates the foregoing paragraph, Employer may obtain an injunction from a court of competent jurisdiction preventing further utterances. In addition, Employer may recover damages attributable to the utterance(s).

    d) <u>Further Acknowledgements</u>. As further consideration and inducement for this Agreement, Claimant represents and agrees that:

(1) He will dismiss the Lawsuit or cause it to be dismissed with prejudice;

(2) He has not assigned any of the Released Claims.

(3) He will not seek, accept, or otherwise pursue employment with Employer, or any of its subsidiaries or successors, and that he will not accept reinstatement or reemployment with Employer, or any of its subsidiaries or successors. In accordance with this provision, Claimant further acknowledges Employer's right to decline to rehire him and agrees not to take recourse against Employer if it exercises that right.

(4) He will not ever file any claim in any court or any other forum concerning the Released Claims (other than the Lawsuit, which is being dismissed). Claimant acknowledges that this Agreement constitutes a full and final release covering all known and unknown, anticipated and unanticipated injuries, debts, claims or damages to Claimant which have arisen or may have arisen in connection with Claimant's relationship or termination of the relationship with Employer. Claimant acknowledges and affirms that he has no right, title or interest in or to any property or equipment currently in possession of Employer. Further, he releases Employer from any and all claims for possession of said

property, or for damage, loss or replacement of any property or equipment owned by him or in his possession (collective the "Released Claims").

    3.    <u>Miscellaneous Agreement.</u>

        a)    The parties acknowledge that this is a full and final release applying to all known, and all unknown and unanticipated damages arising out of the above Released Claims, in contract or in tort, at law or in equity, as well as to those not now known, anticipated, or disclosed. Without limitation, Claimant waives any rights to assert any claim based on a Released Claim, even though that claim may not be evident today.

        b)    The Parties have all required legal authority to execute this Agreement and accept full responsibility therefor. This Agreement is freely and voluntarily entered into and executed on the advice of the attorneys to the Parties.

        c)    The terms of this Agreement will be binding upon the heirs, representatives, successors, and assigns of the Parties, and will inure to the benefit of the heirs, representatives, successors, and assigns of the Parties.

        d)    It is the intention of the Parties in executing this Agreement and in giving and receiving the consideration called for by this Agreement that this Agreement will be effective as a full and final accord and satisfaction and release of any and all matters described and included in Part B of this Agreement.

D.    **GENERAL PROVISIONS**

    1.    <u>Amendments</u>. No amendment to this Agreement will be valid unless it is in writing and signed by the party to be bound, in which event there need be no separate consideration therefor.

    2.    <u>Counterparts</u>. This Agreement may be executed in counterparts and/or by fax signature(s), each of which will be deemed an original but all of which will together constitute one and the same agreement, effective as of the date last written below.

    3.    <u>Entire Agreement.</u> This Agreement contains the entire agreement between the Parties and supersedes any and all prior agreements, promises, representations, or inducements concerning the subject matter of this Agreement.

    4.    <u>Fees and Costs.</u> Except as specifically stated herein, each party to this Agreement will bear its own costs, except as otherwise specified in this Agreement, including but not limited to, all filing and service of process costs, medical expenses, wage loss, travel expenses, and attorney's fees incurred in connection with the pending action and the negotiation and execution of this Agreement, unless otherwise agreed to in writing. If any lawsuit or other legal proceeding or action is brought relating to, arising out of, or to enforce any of the provisions of this Agreement, the prevailing party will be entitled to collect its reasonable attorneys' fees and costs incurred in connection therewith, in addition to any other remedy to which it might be entitled.

5. <u>Governing Law/Jurisdiction</u>. This Agreement is to be interpreted and governed under the laws of the State of Arizona, without reference to its choice of law rules. The Parties agree that any dispute brought with respect to this Agreement will be brought exclusively in the courts of the State of Arizona, and the Parties irrevocably submit to the jurisdiction of such courts.

6. <u>Informed Consent.</u> The Parties acknowledge and represent that:

    a) They have fully and carefully read this Agreement prior to execution;

    b) They have been fully apprised by their attorneys of the legal effect and meaning of this document and all terms and conditions thereof;

    c) They have had the opportunity to make whatever investigation or inquiry they deem necessary or appropriate in connection with the subject matter of this Agreement;

    d) They have had the opportunity to negotiate as to any and all terms hereof;

    e) The execution and delivery of this Agreement will not constitute or be construed as an admission of any liability or wrongdoing on the part of any of the parties released and that such liability is expressly denied; and,

    f) They are executing this Agreement voluntarily, free from any undue influence, coercion, duress, or menace of any kind.

7. <u>Interpretation.</u> Each party, with the assistance of competent counsel, has negotiated this Agreement and that any uncertainty or ambiguity should not be construed for or against either party. The headings are inserted for the convenience of the parties only.

8. <u>Liens And Other Claims</u>. Claimant agrees that he is solely responsible for his attorney's fees, costs, and any and all claims, liens, rights of subrogation or other demands of any kind from persons or entities seeking to be compensated out of the Settlement Funds or asserted by reason of Claimant's alleged injuries and/or damages arising from or related to the subject matter of the Action. Claimant will protect, indemnify, defend and hold harmless Employer and the Released Parties against any and all such claims as described in this part. If it is ever claimed or determined that some portion of the Settlement Funds should have been paid to some person or entity Claimant warrants and agrees to pay and/or indemnify said amount , defend any claim for this amount, and hold Employer and Released Parties harmless for such liens or claims arising from the Action and/or payment of the Settlement Funds.

9. <u>Severability</u>. Each term, clause, and provision of this Agreement is separate and independent, and should any term, clause, or provision of this Agreement be found to be invalid, the validity of the remaining terms, clauses, and provisions will not be affected. If any one or more of the provisions of this Agreement will be held invalid or unenforceable, it

is the specific intent of the Parties that such provisions will be modified to the minimum extent necessary to make it or its application valid and enforceable, and validity and enforceability of all other provisions of this Agreement and all other applications of such provision will not be affected thereby.

10. <u>Waivers</u>. No waiver of any of the provision of this Agreement will constitute a waiver of any other provision of this Agreement, nor will any waiver constitute a continuing waiver. No waiver of any provision of this Agreement will be binding on the Parties unless it is executed in writing by the party making the waiver.

## NOTICE TO CLAIMANT

On the date set forth below, Employer is providing to you this form of Agreement. You may take up to twenty-one (21) calendar days to consider whether to sign the Agreement and accept the agreement set forth herein, although you may elect to sign and return this Agreement before that time. We recommend that you consult an attorney.

- **If you elect to accept the agreement set forth in this document**, you must sign this Agreement and deliver the signed copy to the Employer at the address set forth below before the expiration of twenty-one (21) calendar days from the date this Agreement was provided to you.

- If you accept the Employer's offer by signing and returning a copy of this Agreement, you may thereafter revoke your acceptance. **If you elect to revoke your acceptance**, you must do so in writing and Employer must receive your writing at the address set forth below not more than seven (7) calendar days after it receives your acceptance.

- If you do not sign this Agreement, or if you sign and then revoke your agreement, the offer made in this document will be null and void, and Employer will have no obligation to comply with any term of this Agreement.

- The Effective Date of this Agreement is that date eight (8) calendar days after Employer receives a copy of this Agreement signed by you and no revocation is received.

| COPY OF THIS AGREEMENT PROVIDED TO ROBERT BRENNER . | Date: February 25, 2011<br><br>FISHER SAND & GRAVEL CO.<br>c/o Karen L. Karr<br>Lewis, Brisbois, Bisgaard & Smith, LLP<br>2929 N. Central, Suite 1700<br>Phoenix, AZ 85012 |
|---|---|

| | |
|---|---|
| I HEREBY ACCEPT AND AGREE TO THE TERMS OF THIS AGREEMENT. If less than 21 days have passed since I received a copy of this Agreement, I hereby acknowledge that I waive any remaining portion of the 21-day period. | ROBERT BRENNER<br><br>Date: _____ |
| SIGNED COPY RECEIVED BY EMPLOYER: | FISHER SAND & GRAVEL CO.<br><br>By_____<br>  Its_____<br><br>Date: _____ |

4834-3139-7128.14834-3139-7128.1